1  MARGO A. RAISON, COUNTY COUNSEL
   By: Kathleen S. Rivera, Deputy (SBN 211606)
2  Stephanie Virrey Gutcher, Deputy (SBN 277833)
   Kern County Administrative Center
3  1115 Truxtun Avenue, Fourth Floor
   Bakersfield, CA 93301
4  Telephone 661-868-3800
   Fax 661-868-3805
5  Email: krivera@kerncounty.com
           sgutcher@kerncounty.com
6
   Attorneys for Defendants,
7  County of Kern and David Navarro

8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11   CAROLINA GRACIA, individually and as          **Case No.:** 1:23-cv-01104-JLT-BAM
     successor-in-interest to LOUIE GRIJALVA IV,
12                  Plaintiffs,                     **STIPULATION FOR PROTECTIVE
                                                    ORDER; ORDER**
13          vs.

14   COUNTY OF KERN, DAVID NAVARRO                  *Complaint filed:  July 24, 2023*
     and DOES 1 through 6, inclusive,               *Trial date:  April 14, 2026*
15
                    Defendants.
16

17

18          IT IS HEREBY STIPULATED by and between the parties through their respective

19  counsel that the following Protective Order be entered:

20                         **I.    Definitions:**

21          The following definitions shall govern the construction of this stipulation unless the context

22  otherwise requires.

23          (a)     CONFIDENTIAL Information. "CONFIDENTIAL Information" means any and all

24  Information regardless of format or medium, including personal, proprietary, and financial

25  information, state and federal tax records, and other Information which a party has a right to protect

26  from unrestricted disclosure. In the context of the present case, it also includes, but is not limited to:

27  (1) any peace officer information protected by California Penal Code Section 832.7 and California

28  Evidence Code Sections 1043 to 1047, (2) medical records, and (3) mental health records.

- 1 -

(b)     Disclosing Party: "Disclosing Party" means the party who discloses CONFIDENTIAL Information.

(c)     Information. "Information" means any overdose investigation records, personnel records, audio and video recordings of statements and events and medical / overdose records of third parties, obtained through disclosures, and through discovery obtained through the use of interrogatories, requests for admission, requests for production of documents and things, depositions, subpoenas or other Information obtained during discovery.

(d)     Notice. "Notice" means reasonable notice under the circumstances. The manner and amount of Notice shall be governed by the particular circumstances.

(e)     Person. "Person" means person as defined in California Evidence Code § 175.

(f)     Documents. "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever, including, but not limited to, materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as "Confidential", of or regarding any overdose investigation records, personnel records, audio and video recordings of statements and events and medical / overdose records of third parties.  The term "documents" is limited to material or information produced in the above-captioned litigation.

## II.     Scope and Intent.

(a)     Until further order of the Court or stipulation of the parties, all Information designated as "CONFIDENTIAL" by the Disclosing Party, to the extent such Information discloses CONFIDENTIAL Information, shall be subject to this stipulation.  However, nothing in this stipulation shall prevent any party from seeking a modification of this stipulation or objecting to the designation of Information as CONFIDENTIAL Information which the party believes to be otherwise improper.

(b)     The purpose and intent of this Order is to protect CONFIDENTIAL Information produced by both parties, including but not limited to peace officer personnel records and coroner/autopsy records.  Nothing in this stipulation shall be construed to change existing law or shift

existing burdens. The Parties acknowledge that this Order does not confer blanket protections on all disclosures, or responses to discovery, and that the protection it affords extends only to the limited information, or items, that are entitled under the applicable legal principles to treatment as confidential.

(c)    The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

(d)    The parties recognize and acknowledge that some CONFIDENTIAL Information which may be sought is so sensitive that a party may refuse to disclose the Information even under the protection of this stipulation.  In such event, this stipulation shall not be deemed consent or an admission that such Information is discoverable and a party may resist disclosure until the matter has been heard by the Court. However, the party refusing to disclose any such information so sensitive shall first seek an in camera review by the District Court before any such refusal to disclose any such information.

(e)    This stipulation is the product of negotiations and, for purposes of construction and interpretation, shall not be deemed to have been drafted by one party.

(f)    This stipulation shall be submitted for the signature of the Magistrate Judge assigned to this case in an ex parte manner without need of a formally noticed motion.

### III.    Designation of CONFIDENTIAL INFORMATION.

Any Disclosing Party may designate Information, or any portion of such Information, as CONFIDENTIAL Information by placing the word "CONFIDENTIAL" on the Information.  By designating Information as CONFIDENTIAL, the Disclosing Party warrants that the designation is made in good faith and on reasonable belief that the Information so designated is CONFIDENTIAL Information as defined above.

/ / /

/ / /

1

### IV.   Oral Deposition Testimony.

2       A party may designate as CONFIDENTIAL Information, Information disclosed during oral

3  deposition by stating so on the record or in writing within 30 days from receipt of the transcript.

4  Where documents that have been designated as CONFIDENTIAL are entered into the record of a

5  deposition or where CONFIDENTIAL Information is disclosed during deposition, such portion of

6  the deposition containing CONFIDENTIAL Information shall be separately bound and marked

7  "CONFIDENTIAL – UNDER PROTECTIVE ORDER" in a conspicuous place and shall be subject

8  to the provisions of this stipulation.

9

### V.   Objection to Designation.

10      A party may at any time object to the designation of Information as CONFIDENTIAL and

11 move the Court for an order declaring that such Information not be designated CONFIDENTIAL.  No

12 motion relating to the designation of Information as CONFIDENTIAL shall be filed without first

13 completing the following steps. First, the moving party SHALL confer with the opposing party in a

14 good faith effort to resolve the dispute. Second, if the good faith effort is unsuccessful, the moving

15 party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It

16 shall be the obligation of the moving party to arrange and originate the conference call to the court.

17 Counsel must comply with Local Rule 251 or the motion will be denied with prejudice and dropped

18 from calendar.

19

### VI.   Information Which Is Not Confidential.

20      Notwithstanding the designation of Information as CONFIDENTIAL, such Information shall

21 not be CONFIDENTIAL Information, nor shall disclosure be limited in accordance with this

22 stipulation where such Information, is at the time of disclosure, in the public domain by publication

23 otherwise.

24

### VII.   CONFIDENTIAL Information Obtained from Third Parties.

25      If CONFIDENTIAL Information is obtained from a third party, the third party may adopt the

26 benefits and burdens of this stipulation.  Likewise, any party may designate material or Information

27 obtained from a third party as CONFIDENTIAL.

28 / / /

### VIII.    Inadvertent Disclosure.

An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### IX.    Documents Filed with the Court.

If a party wishes to file documents with the Court which contain material designated CONFIDENTIAL, that party SHALL comply with Local Rules 140 and 141.

### X.    Dissemination to Third Parties.

(a)    CONFIDENTIAL Information shall be disclosed only to the parties to this stipulation, their experts, consultants, investigators and counsel.    Before any person receives access to CONFIDENTIAL Information, each shall execute a copy of the form attached hereto as Exhibit A, reciting that he, she or it has read a copy of this stipulation and agrees to be bound by its terms. Nothing in any such protective order issued pursuant to this Stipulation for Protective Order shall prevent any party to this action from providing any such Confidential Information to any law enforcement agency, including the California Department of Justice, the United States Department of Justice, or any other state or federal law enforcement agency.

(b)    If any person who has obtained CONFIDENTIAL Information under the terms of this stipulation receives a subpoena commanding the production of CONFIDENTIAL Information, such person shall promptly notify the Disclosing Party of the service of the subpoena. The person receiving the subpoena shall not produce any CONFIDENTIAL Information in response to the subpoena without either the prior written consent of the Disclosing Party or order of the Court.

### XI.    Use of CONFIDENTIAL Information During Trial.

The Parties will identify in their exchange of Pre-Trial exhibit lists any documents they intend to use which are CONFIDENTIAL.

/ / /

/ / /

## XII.     Duty to Use Reasonable Care.

All persons bound by this stipulation shall have the duty to use reasonable care and precaution to prevent violations thereof.

## XIII.     Enforcement.

(a)     Prior to bringing any motion or application before the Court for enforcement of this stipulation, the parties shall comply with the procedures set forth in paragraph 5.

(b)     In the event anyone shall violate, attempt to violate or threaten to violate any of the terms of this stipulation, after compliance with the procedures in paragraph 5, the aggrieved party may apply to the Court to obtain compliance with this stipulation or to obtain appropriate injunctive relief.  Each party agrees that, in response to an application for injunctive relief, it will not assert the defense that the aggrieved party possesses an adequate remedy at law.

(c)     The Court may make any order against a party to this stipulation it deems appropriate to compel compliance in addition to any injunctive relief available to the parties.

(d)     If CONFIDENTIAL Information is disclosed to any person other than as allowed by this stipulation, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the aggrieved party and without prejudice to the other rights and remedies of any party, make every effort to prevent further disclosure.  Fines and/or sanctions for inadvertent or intentional disclosure shall be decided by the Court after briefing and argument by all parties concerned.

## XIV.     Modification and Amendments.

Except as to those modifications made by the Court, this stipulation may be modified or amended without leave of Court by unanimous written agreement of the parties hereto.

## XV.     Duration of Stipulation.

Provided the court makes this stipulation an order of the Court, this stipulation shall survive and remain in full force and effect after the termination of this lawsuit, whether by final judgment after exhaustion of all appeals or by dismissal, and the Court shall retain jurisdiction over the parties and their attorneys for the purpose of enforcing the terms of this stipulation.

/ / /

1      **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2                                                  Respectfully Submitted,

3   DATED: February 22, 2024                       MARGO A. RAISON, COUNTY COUNSEL

4                                                  By: /s/ Kathleen Rivera

5                                                        Kathleen Rivera, Deputy
                                                         Attorneys for County of Kern
6   DATED: February 22, 2024                       LAW OFFICE OF JERRY STEERING
7
                                                   By: /s/* Jerry L. Steering
8
                                                        Jerry L. Steering
9                                                       Brenton Whitney Aitken Hands
                                                        Attorneys for Plaintiff
10
    * E-signed with permission on 2/21/24
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation for Protective Order; Order                                    1:23-cv-01104-JLT-BAM

1

**ORDER**

2

  Having considered the above stipulation and finding good cause, the Court adopts the signed

3

stipulated protective order.

4

  The parties are advised that pursuant to the Local Rules of the United States District Court,

5

Eastern District of California, any documents subject to the protective order to be filed under seal

6

must be accompanied by a written request which complies with Local Rule 141 prior to sealing.

7

The party making a request to file documents under seal shall be required to show good cause for

8

documents attached to a non-dispositive motion or compelling reasons for documents attached to a

9

dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within

10

five (5) days of any approved document filed under seal, the party shall file a redacted copy of the

11

sealed document. The redactions shall be narrowly tailored to protect only the information that is

12

confidential or was deemed confidential.

13

  Additionally, the parties shall consider resolving any dispute arising under the protective

14

order according to the Court's informal discovery dispute procedure.

15

16

IT IS SO ORDERED.

17

 Dated: __**February 22, 2024**__    ___/s/ *Barbara A. McAuliffe*___

18

                UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28