UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA GRACIA, individually and as successor-in-interest to LOUIE GRIJALVA IV,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | Case No. 1:23-cv-1104-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO JOIN HEIRS PURSUANT TO RULE 19<br><br>(Doc. 38)<br><br>FOURTEEN-DAY DEADLINE |

**I.   BACKGROUND**

This case arises out of the death of Louie Grijalva, IV ("Decedent') while a convicted prisoner serving his sentence at the Kern County Jail—Lerdo Pretrial Facility, in Bakersfield, California. Plaintiff Carolina Gracia brings this action in both her individual capacity and as successor-in-interest to the Decedent. The operative First Amended Complaint asserts claims under 42 U.S.C. § 1983 and California state law, including wrongful death under California Code of Civil Procedure § 377.60, against defendants County of Kern ("Defendant Kern"), David Navarro, and Does 1 through 10. (Doc. 10.)

Defendant Kern now moves to require Plaintiff Gracia to join certain heirs as necessary parties pursuant to Federal Rule of Civil Procedure 19. (Doc. 38.) The motion was referred to

1

the undersigned for appropriate action. (Doc. 41.) Plaintiff Gracia did not file a timely opposition. L.R. 230(d). For the reasons set forth below, the Court will recommend that Defendant Kern's motion be granted.

## II. MOTION TO JOIN HEIRS PURSUANT TO RULE 19

### A. Legal Standard

Under Federal Rule of Civil Procedure 19, courts apply a three-part test to determine whether a nonparty (or "absentee") must be joined in an action. *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010); *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). At the first step, the court must determine whether the absentee should be joined under Rule 19(a). *Peabody*, 610 F.3d at 1078. At the second step, if the absentee meets the requirements of Rule 19(a), the court must determine whether it is feasible to order that the absentee be joined. *Id.* Finally, if joinder is not feasible, the court must determine at the third step whether the case can proceed without the absentee or whether the action must be dismissed. *Id.*

### B. Discussion

Defendant Kern seeks to join Louie Grijalva, Jr.,[1] the biological "father heir of Decedent," as party to this action. Defendant Kern asserts that because California permits only one action for wrongful death, all heirs must be joined to the single action. Defendant Kern therefore concludes that Rule 19 requires joinder of Decedent's father and requests that Plaintiff Gracia be ordered to identify all heirs of Decedent and join them as parties. (Doc. 38 at 3.)

1.  Rule 19(a)

The first step of the analysis requires a determination of whether Decedent's father is a "necessary" party and should be joined under Rule 19(a).[2] *Peabody*, 610 F.3d 1078. A party may be necessary under Rule 19(a) in three different ways. *Salt River Project*, 672 F.3d at 1179. First,

---

[1] Defendant Kern reportedly learned that Mr. Grijalva is the biological father of Decedent during depositions in early December. (Doc. 38 at 3 n.1.)

[2] "As of December 1, 2007, Rule 19 no longer refers to 'necessary' or 'indispensable' parties. Instead, it refers to 'persons required to be joined if feasible' and persons in whose absence, if they cannot be joined, the action should not proceed." *Peabody*, 610 F.3d at 1077 n.1. The Court will use these terms interchangeably.

a person is necessary if, in the person's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, a person is necessary if that person has an interest in the action and resolving the action in the person's absence may "as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a person is necessary if that person has an interest in the action and resolving the action in the person's absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

Under California law, a wrongful death claim may be brought by the "surviving spouse, domestic partner, children, and issue of deceased children" of the decedent. Cal. Civ. Proc. Code § 377.60(a). If there is no surviving issue of the decedent, a wrongful death claim may be brought by the persons "who would be entitled to the property of the decedent by intestate succession." *Id.*

"While each heir designated in section 377.60 has a personal and separate wrongful death cause of action, the actions are deemed joint, single and indivisible and must be joined together in one suit." *Corder v. Corder*, 41 Cal. 4th 644, 652 (2007). Further, "[a]n heir who files a wrongful death action is required to properly join all known heirs in that action." *Id.* at 652 n.3. Because the actions are joint, single, and indivisible, and all heirs must join, federal courts have found that absent heirs are necessary parties in wrongful death cases. *See Engel v. R.J. Reynolds Tobacco Co.*, No. CV 2:17-618 WBS GGH, 2017 WL 2119805, at *1 (E.D. Cal. May 16, 2017); *Backer v. United States*, No. 1:13-CV-1552 AWI GSA, 2014 WL 4267500, at *3 (E.D. Cal. Aug. 29, 2014) (indicating federal courts have generally held that absent heirs are considered necessary parties in wrongful death cases); *Estate of Burkhart v. United States*, No. C 07-5467 PJH, 2008 WL 4067429, at *7 (N.D. Cal. Aug. 26, 2008) ("Ordinarily in a wrongful death action brought under California law, all heirs must join, and complete relief is not possible without the presence of all the heirs. Thus, the missing heirs may be considered necessary."). The Court finds that Decedent's father, as a known heir, is a necessary party under state law.

        2. <u>Feasible</u>

"There are three instances when joinder is not feasible: 'when venue is improper, when

the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction.'" *Solares v. Allison*, No. 1:20-cv-00323-NONE-BAM, 2022 WL 102216, at *7 (E.D. Cal. Jan. 11, 2022) (quoting *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005)). Defendant Kern does not directly address these instances, but submits additional information in a footnote implicating whether joinder is feasible. To that end, Defendant Kern reports its counsel "confirmed with [the] internal claims system that Kern did **not** receive a claim from Louie Grijalva, Jr. relating to decedent." (Doc. 38 at 4 n.2) (emphasis in original). Courts have found joinder not feasible in circumstances where the missing heirs had failed to file the requisite government claims. *See A.D. v. California Highway Patrol*, No. C 07-5483 SI, 2009 WL 733872, at *5 (N.D. Cal. Mar. 17, 2009) (finding joinder not feasible because missing heir had failed to file a government claim); *cf. Estate of Burkhart*, 2008 WL 4067429, at *7 (finding joinder not feasible where missing heirs had failed to submit administrative claim). While Defendant Kern may be correct that no claim was filed by Decedent's father, the Court lacks evidence or a supporting declaration to make such a determination.

### 3. Indispensable

"Rule 19(b) applies only if the Court concludes a party is required but joinder is not feasible." *Solares*, 2022 WL 102216, at *7; *see* Fed. R. Civ. P. 19(b) (applying Rule 19(b) when "a person who is required to be joined if feasible cannot be joined"). Because there is no indication thus far that joinder is not feasible, the Court need not reach the issue of indispensability under Rule 19(b).

Defendant Kern suggests that the claims of Decedent's father are barred by the statute of limitations, which may result in a determination that Decedent's father is not an indispensable party under Rule 19(b). (*See* Doc. 38 at 4 n.2.) However, because it is not necessary to reach the issue under Rule 19(b), discussion of whether the claims of Decedent's father are barred by the statute of limitations is not warranted at this stage. *See Solares v. Diaz*, No. 1:20-cv-00323 JLT BAM, 2023 WL 3724814, at *6 (E.D. Cal. May 30, 2023) (determining discussion of whether heir's claims barred by statute of limitations not warranted where court need not reach issue of dispensability under Rule 19(b)).

4

**C. Further Proceedings**

Under Rule 19(a)(2), "[i]f a person has not been joined as required, the court must order that the person be made a party." As a result, the Court will recommend that Plaintiff Gracia be directed to file a second amended complaint that either joins Decedent's father or alleges additional facts establishing why joinder is not required. *See* Fed. R. Civ. P. 19(a)(2),(c).

### III.   CONCLUSION AND RECOMMENDATION

For the reasons stated, it is HEREBY RECOMMENDED that:

1. Defendant Kern's motion to join heirs pursuant to Rule 19 (Doc. 38) be granted.
2. Plaintiff Gracia be directed to file a second amended complaint that either joins Decedent's father or alleges additional facts establishing why joinder is not required.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 27, 2025**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

5