**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINA GRACIA, individually and as successor-in-interest to LOUIE GRIJALVA IV,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | Case No. 1:23-cv-01104 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO JOIN HEIRS<br><br>(Docs. 38, 42) |

This case arises out of the death of Louie Grijalva IV, while a convicted prisoner serving his sentence at the Kern County Jail – Lerdo Pretrial Facility in Bakersfield, California. Plaintiff Carolina Gracia, individually and as successor-in-interest to Decedent, states claims against the defendants under federal and state law. (Doc. 10.) Defendant County of Kern moved to require Gracia to join certain heirs, including Decedent's father, as necessary parties. (Doc. 38.) The Court referred the motion to the magistrate judge for appropriate action. (Doc. 41.)

The magistrate judge found that "Decedent's father, as a known heir, is a necessary party under state law." (Doc. 42 at 3.) In addition, the magistrate judge found no "evidence or a supporting declaration" supporting a determination that joinder was not feasible. (*Id.* at 4.) Finally, while there was a suggestion the claims of Decedent's father may be barred by the applicable statute of limitations, the magistrate judge found it was not necessary to reach the issue

1

1 at this stage. (*Id.*) Therefore, the magistrate judge recommended the Court grant the motion to join heirs and direct Garcia "to file a second amended complaint that either joins Decedent's father or alleges additional facts establishing why joinder is not required." (*Id.* at 5.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 42 at 5.) The Court advised that the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).) Neither party filed objections, and the time to do so expired. However, on February 10, 2025, Gracia filed a second amended complaint alleging that it is not necessary to join Decedent's father as a party to this action as the applicable statute of limitations for any federal or state law claims has passed. (Doc. 43; *see id.* at 4.)

According to 28 U.S.C. § 636 (b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Because Gracia filed a second amended complaint as recommended prior to this order, the filing is ordered nunc pro tunc and the Court will not require Garcia to re-file the SAC. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 27, 2025 (Doc. 42) are **ADOPTED**.
2. Defendant County of Kern's motion to join heirs (Doc. 38) is **GRANTED**.
3. Plaintiff's second amended complaint (Doc. 43) is now the operative complaint.
4. Defendants **SHALL** file an answer or other responsive pleading within 21 days.

IT IS SO ORDERED.

Dated: **February 13, 2025**

UNITED STATES DISTRICT JUDGE

2