UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA GRACIA, individually and as successor-in-interest to LOUIE GRIJALVA IV,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-01104-JLT-CDB<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**7-Day Deadline** |

Plaintiff Carolina Gracia is represented by counsel in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds against Defendant County of Kern, David Navarro,[1] and Does 1 through 10, as alleged in the operative second amended complaint.

## I.  RELEVANT BACKGROUND

On February 20, 2025, the formerly referred magistrate judge an Order Regarding Status Conference and Order Amending Scheduling Conference Order. (Doc. 46.) Relevant here, the pretrial motion filing deadline was set for January 23, 2026, and the pretrial conference and jury trial were scheduled for June 22, 2026, and September 15, 2026, respectively, before District

---

[1] Defendants' summary judgment motion states: "The parties agreed to dismiss Defendant Navarro, leaving the only (federal) Monell Claim against the County. [¶] Defendants' *motion to dismiss* seeks to dismiss the Monell claim. The SAC fails to plead allegations to plausibly suggest there is a policy or custom that was the moving force behind the constitutional violations, or ratification." (Doc. 57 at 3, italics added.) The undersigned notes Defendant Navarro has not been dismissed from this action. *See* docket, generally.

Judge Jennifer L. Thurston. (*Id*. at 1, 3.)[2]

On March 7, 2025, Defendants County of Kern and David Navarro filed an answer to the operative complaint. (Doc. 48.)

On January 23, 2026, the answering Defendants filed a motion for summary judgment addressing the merits of Plaintiff's claims. (Doc. 57.)

On January 28, 2026, this action was reassigned to the undersigned as the referred magistrate judge. (Doc. 58.) The following day, the hearing noticed for February 20, 2026, before Judge Thurston was vacated; the undersigned ordered that a hearing would be scheduled, if warranted, after briefing on Defendants' motion was complete. (Doc. 59 [Minute Order].)

The deadline for Plaintiff to respond to the motion for summary judgment has passed, yet, Plaintiff has failed to file either an opposition or a statement of non-opposition as required by Local Rule 230.

## II.    DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure concerns summary judgment. It provides, in relevant part:

> **Failure to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions

---

[2] On August 6, 2026, the Court continued the deadline for expert disclosures; all other deadlines and the pretrial conference and jury trial remained as originally scheduled. (Doc. 56 [Minute Order].)

authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110.

Further, Local Rule 230 states:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.

Local Rule 230(c). Therefore, Plaintiff's opposition or statement of non-opposition to Defendants' pending motion for summary judgment was due on or before February 6, 2026. To date, Plaintiff has failed to timely file an opposition or statement of non-opposition, and the time to do so has now passed.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within seven (7) days** of the date of service of this order, why sanctions should not be imposed for her failure to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion for summary judgment filed January 23, 2026.

**Any failure by Plaintiff to timely comply with this order may result in the imposition of sanctions, including monetary sanctions and a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute. Alternatively, Defendants' motion for summary judgment may be deemed unopposed and submitted for decision**.

IT IS SO ORDERED.

Dated:   **February 17, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3