UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA GRACIA, individually and as successor-in-interest to LOUIE GRIJALVA IV,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | Case No.: 1:23-cv-01104-JLT-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 60)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME WITHIN WHICH TO OPPOSE DEFENDANTS' SUMMARY JUDGMENT MOTION |

Plaintiff Carolina Gracia is represented by counsel in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds against Defendant County of Kern, David Navarro, and Does 1 through 10, as alleged in the operative second amended complaint.

**I.    RELEVANT BACKGROUND**

On February 20, 2025, formerly assigned Magistrate Judge Barbara A. McAuliffe issued her Order Regarding Status Conference and Order Amending Scheduling Conference Order. (Doc. 46.) Relevant here, the pretrial motion filing deadline was set for January 23, 2026, and the pretrial conference and jury trial were scheduled for June 22, 2026, and September 15, 2026, respectively, before District Judge Jennifer L. Thurston. (*Id*. at 1, 3.)[1]

---

[1] On August 6, 2026, Judge McAuliffe extended the deadline for expert disclosures; all other deadlines and the pretrial conference and jury trial remained as originally scheduled. (Doc. 56 [Minute Order].)

On March 7, 2025, Defendants County of Kern and David Navarro filed an answer to the operative complaint. (Doc. 48.)

On January 23, 2026, the answering Defendants filed a motion for summary judgment addressing the merits of Plaintiff's claims. (Doc. 57.)

On January 28, 2026, this action was reassigned from Judge McAuliffe to the undersigned. (Doc. 58.) The following day, the hearing noticed for February 20, 2026, before Judge Thurston was vacated; the undersigned ordered that a hearing would be scheduled, if warranted, after briefing on Defendants' motion was complete. (Doc. 59 [Minute Order].)

On February 17, 2026, when Plaintiff had failed to timely file either an opposition or a statement of non-opposition to Defendants' pending summary judgment motion, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to Defendants' Motion for Summary Judgment. (Doc. 60.) Specifically, Plaintiff was ordered to respond to the OSC within seven (7) days, or, alternatively, to file an opposition or statement of non-opposition to the summary judgment motion. (*Id*. at 3.)

On February 24, 2026, Plaintiff submitted the Declaration of Jerry L. Steering in Response to Order to Show Cause Re Sanctions for Failure to File Opposition to Defendants' Motion for Summary Judgment. (Doc. 63.)

**II.     DISCUSSION**

***Plaintiff's Response to the OSC***

In his response to the OSC, Plaintiff's counsel Jerry L. Steering declares he was scheduled to start a felony jury trial in the Orange County Superior Court on January 26, 2026, and when Defendants filed their motion for summary judgment on January 23, he "was overloaded having to assimilate literally approximately 16,000 documents" in the unrelated matter set for trial. (Doc. 63 at 2, ¶¶ 3-4.) Counsel declares that jury selection began on January 28, 2026, following a two-day delay due to his medical condition, and that the trial concluded on February 10, 2026. (*Id*., at ¶¶ 5-6.) Further, counsel declares that he primarily practices in the United States District Court for the Central District of California, has handled "some" cases in the United States District Court

2

for the Southern District of California, and has "only filed and litigated a few cases" in this district. (*Id.*, at ¶¶ 8-9.) Counsel declares he does "not recall ever having responded to a Noticed Motion" in this district, and when Defendants' filed their summary judgment motion on January 29, 2026 [sic]," he was engaged in trial. (*Id.*, at ¶ 11.) Counsel states that when the Court issued its minute order on January 29, 2026, his secretary notified him "that an order issued out of this Honorable Court, taking the defendants' Motion for Summary Judgment off-calendar due to an error in the filing of defendants' Motion." (*Id.*, at ¶ 12.) Further, counsel declares he "saw the Text Only Minute Order on [his] email, and believed that the defendants' Motion for Summary Judgment had been taken off-calendar, and that the defendants were going to refile their Motion." (*Id.*, at ¶ 13.) Counsel states he "formed this belief because in both the United States District Court for the Central District of California and the United States District Court for the Southern District of California the date that the Opposition to a noticed Motion is determined by the hearing date; not the filing date." (*Id.*, at ¶ 14.) Thereafter, counsel quotes the relevant Local Rules in the Central and Southern districts. (*Id.*, at ¶¶ 15-16.)

Counsel reiterates he was in trial from "January 28, 2026 through and including February 10, 2026" and restates his belief that Defendants' motion had been taken off calendar. (*Id.*, at ¶¶ 17-18.) He apologizes to the Court and defense counsel and states he "had forgotten that in the Eastern District of California that Oppositions to Noticed Motions are determined from the filing dates rather than the Motion Hearing date." (*Id.*, at ¶¶ 19-20.)

Lastly, Plaintiff's counsel states that "the parties presently have a Mediation scheduled in this case for March 11, 2026," and asks that the OSC be discharged and that Plaintiff "be given a reasonable opportunity amount of time to respond to the Kern County defendants' Motion for Summary Judgment." (*Id.*, at ¶¶ 21-22.)

### *Legal Standards and Analysis*

Federal Rule of Civil Procedure 6(b)(1)(B) governs requests for extension of time after the time to respond has expired and requires a showing of excusable neglect. Courts analyze the following equitable factors in determining whether a missed deadline was a result of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its

3

potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).The Supreme Court has noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co.,* 507 U.S. at 392 (internal citations omitted). The Ninth Circuit has left "the weighing of *Pioneer*'s equitable factors to the discretion of the district court." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Danger of Prejudice to Opposing Party

There exists some danger of prejudice to Defendants. Defendants timely filed their summary judgment motion on January 23, 2026. Although the deadline for filing an opposition passed in early February, following issuance of the OSC, Plaintiff acknowledged the error and now seeks an extension of time within which to file an opposition to the pending motion. The Court notes Plaintiff's counsel's declaration includes a statement that the parties will attend a scheduled mediation on March 11, 2026. Because a resolution of this action is possible, permitting Plaintiff to file an opposition to the pending summary judgment motion after the planned mediation, despite the missed deadline, appears to benefit all parties. Nevertheless, in the event the matter does not settle, Defendants' pending motion, as discussed more fully below, may not be determined prior to the pre-trial conference and jury trial set in this matter. As Defendants have not moved to modify the scheduling order or sought to continue those proceedings, and as accommodating Plaintiff's tardiness likely would require material adjustments to the scheduling order to the detriment of the pretrial conference, there exists some prejudice to Defendants (and the Court). *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9ths Cir. 2005) ("Disruption to the schedule of the court and other parties in that manner is not harmless").

///

<u>Length of the Delay and Its Potential Impact</u>

The delay to date is about 21 days. The extension sought —an otherwise unidentified "reasonable" time following the March 11, 2026, mediation — would be set at the Court's discretion and add to that delay. The undersigned notes a pretrial conference of June 22, 2026, and a five to seven jury trial on September 15, 2026, are presently set before District Judge Jennifer L. Thurston. Given the extremely high caseloads in this district and the inevitable, although unfortunate, delays resulting therefrom, there exists the significant possibility that those proceedings may be delayed in the event the pending summary judgment motion cannot be determined before June. *See Wong*, 410 F.3d at 1062.

Notably, however, that circumstance would exist even had Plaintiff filed a timely opposition to the pending motion. Thus, the undersigned concludes the delay caused by Plaintiff's counsel's inaction is relatively short, whereas its impact is largely unchanged.

<u>Reason for Delay</u>

According to counsel, the reason for the delay involves Plaintiff's counsel's misunderstanding of the Court's January 29, 2026, minute order and his obligations in a state court criminal matter tried between January 28, 2026, and February 10, 2026, in the Orange County Superior Court.

The minute order merely vacated the February 20, 2026, *hearing* noticed by Defendants; it did not take the motion itself "off-calendar" or require Defendants to "re-file" their pending motion, as counsel mistakenly believed.[2] (*See* Docket Entry 59.[3])

Concerning counsel's trial obligations during the relevant period, the Court concludes counsel should have known that an extension of time to oppose Defendants' summary judgment

---

[2] Counsel's apparent explanation that he relied upon his secretary's erroneous interpretation of the minute order does not constitute excusable neglect because he remains responsible for supervising the actions of his non-lawyer employees. Rule 5.3 of the California Rules of Professional Conduct provides "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer," "a lawyer having direct supervisory authority over the nonlawyer, whether or not an employee of the same law firm, shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer" and "shall be responsible for conduct of such a person[.]" *See* Cal. Rules Prof. Conduct 5.3(b) & (c).

[3] It cites to this Court's Local Rule 230(g) that provides, in relevant part: "the motion may be submitted upon the record and briefs on file if the parties stipulate thereto, or if the Court so orders, subject to the power of the Court to reopen the matter for further briefs or oral arguments or both."

motion would be necessary, regardless of any misunderstanding. The deadline for filing pre-trial motions —January 23, 2026— was set on February 20, 2025 (*see* Doc. 46) and despite other modifications to the scheduling order (*see* Doc. 56) has remained unchanged. Therefore, absent an order from the Court permitting Defendants to file their summary judgment motion after January 23, 2026, the motion could not be "re-file[d]."

To the extent counsel relies upon the fact he primarily practices in the Central and Southern district and thus is familiar with their rules pertaining to motion practice, the Court is unmoved. While counsel may not practice extensively in this Court, he is expected to familiarize himself and comply with the Local Rules in this district.

In sum, the circumstances created by counsel's inaction were not beyond his control.

Whether Movant Acted in Good Faith

"Good faith considers the presence or absence of tactical or strategic motives behind the delay." *Galfayan v. State Farm Gen. Ins. Co.*, No. 2:23-cv-01991-RGK-SK, 2024 WL 5317267, at *2 (C.D. Cal. Apr. 23, 2024). Here, the undersigned does not perceive the presence of tactical or strategic motives were behind Plaintiff's counsel's delay. Rather, as discussed above, the delay involves counsel's competing obligations in a state court criminal jury trial, his failure to timely seek an extension of the filing deadline for Plaintiff's opposition to the motion, coupled with his mistaken interpretation of the minute order issued January 29, 2026,. *See Bateman*, 231 F.3d at 1225 (finding that counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness").

***Determination Regarding the Equitable Factors***

Mistakes and carelessness can constitute excusable neglect. *Pioneer*, 507 U.S. at 392 (holding that excusable neglect is an elastic concept and may extend to circumstances where moving counsel made a mistake in construing the applicable rules); *see Romero v. San Bernadino Cnty. Sheriff's Dep't*, No. 12-cv-06433-MMM-JEM, 2014 WL 13133488, at *8 (C.D. Cal. Mar. 6, 2014) (collecting cases where an attorney's mistake of law or carelessness was found to constitute excusable neglect given the circumstances). Here however, the Court finds counsel's mistakes and carelessness do not amount to excusable neglect for the reasons discussed above. The request

6

for an extension of time within which to oppose Defendants' summary judgment motion will be denied.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The OSC issued February 17, 2026 (Doc. 60), is **DISCHARGED**; and

2. Plaintiff's request for an extension of time within which to file an opposition to Defendants' summary judgment motion is **DENIED**.

IT IS SO ORDERED.

Dated:    **February 27, 2026**    _____
                                   UNITED STATES MAGISTRATE JUDGE

7